## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOVON JEWELL DAVIS,** | ) | Civil Action No. 7:15-cv-00363 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **STEVE CLEAR, et al.,** | ) | By: Hon. Robert S. Ballou |
| Defendants. | ) | United States Magistrate Judge |

Jovon Jewell Davis, a black prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff names three staff of the Southwest Virginia Regional Jail in Abingdon, Virginia, ("Jail") as defendants: Superintendent Steve Clear, Transportation Officer Linda Wilson, and Lieutenant Larry Kilgore. Plaintiff alleges that the Jail's racist policies and practices violate the Equal Protection Clause of the Fourteenth Amendment. Defendants filed a motion to dismiss and motion to stay discovery, and Plaintiff responded, making the matter ripe for disposition.[1] After reviewing Plaintiff's submissions, I grant Defendants' motion to stay discovery and dismiss the complaint for failing to state a claim upon which relief may be granted.

### I.

Plaintiff was incarcerated at the Jail as an inmate of the Virginia Department of Corrections ("VDOC") when he commenced this action. Plaintiff sues Defendants because he believes the Jail's racist policies and practices delayed his transfer to a VDOC facility. Although Jail staff told Plaintiff that he was on the list of inmates to be transferred to a VDOC facility, Plaintiff saw only white inmates being transferred from the Jail.[2] Plaintiff also alleges that black inmates have less desirable housing assignments and jobs at the Jail than white inmates. Plaintiff

---

[1] I have jurisdiction to adjudicate this matter pursuant to the parties' consent and 28 U.S.C. § 636(c).
[2] Plaintiff notes in a grievance filed in support of the complaint that the Jail has approximately 1200 white inmates and 12 black inmates.

further alleges that Jail staff "turn a blind eye" to white inmates shouting racial epithets, throwing bodily fluids on black inmates, and unplugging a phone.

Plaintiff believes Defendants are liable because Superintendent Clear is "legally responsible for the overall operation" of the Jail, Linda Wilson "work[s] in Recorder and is in charge of all transportation," and Lt. Kilgore is a correctional officer. Wilson and Lt. Kilgore also responded to Plaintiff's request and grievance forms. Plaintiff filed a "resident request" form to Wilson, threatening to sue her for the alleged racist practice of not transferring black inmates to the VDOC, and Wilson responded, "File whatever paperwork you feel you need to do . . . ." Plaintiff filed a grievance in May 2015, requesting that he be the next black inmate on the next transfer bus. Lt. Kilgore responded, "We transport inmates to [V]DOC based on the information sent to [V]DOC from courts, and what [V]DOC sends to us[,] NOT based on any racial or gender factors. When we receive a[] transport order [for you] we will transport . . . ."

**II.**

A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of a complaint," and to survive such a motion, the complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). I must construe Plaintiff's pro se pleadings liberally, id. at 94, and must also accept his nonconclusory factual allegations as true at the motion to dismiss stage. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (when ruling on 12(b)(6) claim, the court assumes "all well-pleaded, nonconclusory factual allegations in the complaint to be true").

Plaintiff must allege facts which "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[3] Twombly, 550 U.S. at 555, 570. A plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id. at 555 (internal alterations and quotations omitted). Thus, neither "a formulaic recitation of the elements of a cause of action," id., nor "naked assertions devoid of further factual enhancements" will suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal alterations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations must "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Iqbal, 556 U.S. at 678), aff'd sub nom, Coleman v. Ct. of Appeals of Md., 132 S. Ct. 1327 (2012).

The complaint does not describe the personal involvement by Superintendent Clear, Wilson, or Lt. Kilgore with the creation or execution of the alleged racist policies or practices. These defendants cannot be subject to liability under 42 U.S.C. § 1983 merely because of their positions at the Jail. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Vicarious liability is inapplicable to § 1983 suits, and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff fails to describe a personal fault on the part of

---

[3] In response to the motion to dismiss, Plaintiff presents numerous new facts not alleged in the complaint. These documents cannot be considered, however, without converting the pending motion into a motion for summary judgment. Fed. R. Civ. P. 12(b)(6). To the extent that Plaintiff's response alleges new facts not contained within the complaint or its attachments, I do not rely on them to consider the adequacy of the complaint under Rule 12(b)(6).

any defendant based on either the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). "A superior's after-the-fact denial of a grievance falls far short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)). Accordingly, Defendants' motion to dismiss must be granted because the complaint fails to state a claim against them upon which relief may be granted.

## III.

For the foregoing reasons, I grant Defendants' motion to stay discovery and motion to dismiss.

                                   Enter: January 4, 2016

                                   /s/ *Robert S. Ballou*

                                 Robert S. Ballou
                                 United States Magistrate Judge